Larry Lee MARTIN, Petitioner–
Appellant,

v.

K.J. WENDT, Warden, Federal Correc-
tional Institution, Seagoville, TX,
Respondent–Appellee.

No. 05–10960.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

Larry Lee Martin, Seagoville, TX, pro
se.

James Patrick Laurence, U.S. Attor-
ney's Office, Northern District of Texas,
Dallas, TX, for Respondent–Appellee.

Before JONES, Chief Judge, and
JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Larry Lee Martin, federal prisoner
# 04976–078, appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition,
wherein he challenged his conviction for
conspiracy to possess with intent to dis-
tribute crack cocaine, in violation of 21
U.S.C. § 846, possession with intent to
distribute crack cocaine, in violation of 21
U.S.C. § 841, and using or carrying a fire-
arm during commission of a drug traffick-
ing crime, in violation of 18 U.S.C.
§ 924(c). Martin challenged his conviction
based on *Bailey v. United States,* 516 U.S.
137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995),
and *United States v. Booker,* 543 U.S. 220,
125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Martin argues that his challenge to the
firearms offense falls within the savings
clause of 28 U.S.C. § 2255 in light of *Bai-
ley* and *Bousley v. United States,* 523 U.S.
614, 118 S.Ct. 1604, 140 L.Ed.2d 828
(1998). He also argues that the district
court abused its discretion by dismissing
his *Booker* claim with prejudice. "[T]he
savings clause of § 2255 applies to a claim
(i) that is based on a retroactively applica-
ble Supreme Court decision which estab-
lishes that the petitioner may have been
convicted of a nonexistent offense and (ii)
that was foreclosed by circuit law at the
time when the claim should have been
raised in the petitioner's trial, appeal, or
first § 2255 motion." *Reyes–Requena v.
United States,* 243 F.3d 893, 904 (5th Cir.
2001).

Martin raised a *Bailey* challenge to his
§ 924(c) conviction in his first § 2255 mo-
tion, and he has not shown that his claim
was foreclosed when he sought § 2255 re-
lief. Further, Martin's claims based on
*Booker* are foreclosed in light of *Padilla v.
United States,* 416 F.3d 424, 427 (5th Cir.
2005). Accordingly, the district court's
judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.